**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

RAMONA WEST, individually and on behalf of all
other similarly situated current Missouri citizens,

                    Plaintiff,

-v.-

LA TERRA FINA USA, LLC,

                    Defendant.

Case No. 4:22-cv-00381

**DEFENDANT LA TERRA FINA USA, LLC'S**
**NOTICE OF REMOVAL**

**CARMODY MACDONALD P.C.**
Meghan M. Lamping, #59987MO
120 S. Central Ave., Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 854-8676
mml@carmodymacdonald.com

**COVINGTON & BURLING LLP**
Steven J. Rosenbaum (*pro hac vice forthcoming*)
Andrew Leff (*pro hac vice forthcoming*)
850 Tenth Street, N.W.
Washington, D.C. 20001
Telephone: (202) 662-6000
srosenbaum@cov.com
aleff@cov.com

*Attorneys for Defendant*
*La Terra Fina USA, LLC*

Dated:  April 1, 2022

## <u>TABLE OF CONTENTS</u>

PARTIES ......................................................................................................................... 1

PROCEDURAL HISTORY ................................................................................................ 1

TIMELINESS OF REMOVAL .......................................................................................... 2

BASIS FOR REMOVAL .................................................................................................... 2

I.    The Parties to This Class Action Are Minimally Diverse. ....................................... 2

II.   The Aggregate Amount in Controversy in This Class Action Is Greater Than
      $5,000,000 ............................................................................................................... 9

REMOVAL PROCEDURES ............................................................................................. 17

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aliano v. Louisville Distilling Co.*,
   115 F. Supp. 3d 921 (N.D. Ill. 2015) ......................................................................16

*Alper v. Marsh, USA, Inc.*,
   2018 WL 1726627 (E.D. Mo. Apr. 10, 2018) ...........................................................3

*Arias v. Residence Inn by Marriott*,
   936 F.3d 920 (9th Cir. 2019) ...............................................................10, 14, 16, 17

*Baker v. NNW, LLC*,
   2015 WL 12843831 (W.D. Mo. June 1, 2015) ......................................................14

*Blank v. Broadsword Grp., LLC*,
   2015 WL 4628893 (E.D. Mo. Aug. 3, 2015) .........................................................10

*Boskovic v. Bristol W. Ins. Co.*,
   2014 WL 3579650 (E.D. Mo. July 21, 2014) ........................................................13

*Chavez v. JPMorgan Chase & Co.*,
   888 F.3d 413 (9th Cir. 2018) .................................................................................10

*Curts v. Waggin' Train, LLC*,
   2013 WL 2319358 (W.D. Mo. May 28, 2013) ......................................................13

*Damon v. Groteboer*,
   937 F. Supp. 2d 1048 (D. Minn. 2013) ..................................................................13

*Dart Cherokee Basin Operating Co. v. Owens*,
   574 U.S. 81 (2014) .....................................................................................1, 16, 17

*Doan v. Tinoco*,
   2012 WL 12905802 (W.D. Mo. Aug. 29, 2012) ...................................................16

*Embry v. Ventura Foods, LLC*,
   2020 WL 3077058 (E.D. Mo. June 10, 2020) .................................................14, 15

*Faltermeier v. FCA US LLC*,
   2016 WL 10879705 (W.D. Mo. May 26, 2016), *aff'd*, 899 F.3d 617 (8th Cir.
   2018) .......................................................................................................................14

*Faltermeier v. FCA US LLC*,
   899 F.3d 617 (8th Cir. 2018) .................................................................................13

*Harrington Enters., Inc. v. Safety-Kleen Sys., Inc.*,
  42 F. Supp. 3d 1197 (W.D. Mo. 2013) ...................................................................14

*Hartis v. Chicago Title Ins. Co.*,
  694 F.3d 935 (8th Cir. 2012) ..............................................................................10

*Jarrett v. Panasonic Corp. of N. Am.*,
  934 F. Supp. 2d 1020 (E.D. Ark. 2013) ...............................................................16

*Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*,
  932 F.3d 1102 (8th Cir. 2019) ....................................................................1, 2, 19

*Johnson v. Pushpin Holdings, LLC*,
  748 F.3d 769 (7th Cir. 2014) ..............................................................................16

*King v. Cessna Aircraft Co.*,
  505 F.3d 1160 (11th Cir. 2007) ............................................................................2

*Liu v. 88 Harborview Realty, LLC*,
  5 F. Supp. 3d 443 (S.D.N.Y. 2014).......................................................................13

*Peace v. Time Ins. Co.*,
  2009 WL 792461 (W.D. Mo. Mar. 24, 2009).........................................................3

*Peterson v. The Travelers Indemnity Co.*,
  867 F.3d 992 (8th Cir. 2017) ..............................................................................13

*Raskas v. Johnson & Johnson*,
  719 F.3d 884 (8th Cir. 2013) .........................................................................10, 15

*Rasmussen v. State Farm Mut. Auto Ins. Co.*,
  410 F.3d 1029 (8th Cir. 2005) ............................................................................14

*Raymond Loubier Irrevocable Trust v. Loubier*,
  858 F.3d 719 (2d Cir. 2017)..................................................................................3

*Reinbold v. AGCO Corp.*,
  2021 WL 5279581 (E.D. Mo. Nov. 12, 2021)......................................................13

*Schott v. Overstock.com, Inc.*,
  2021 WL 148875 (E.D. Mo. Jan. 15, 2021) ........................................................14

*Schubert v. Auto Owners Ins. Co.*,
  619 F.3d 817 (8th Cir. 2011) ..............................................................................10

*Scott v. Cricket Commc'ns, LLC*,
  865 F.3d 189 (4th Cir. 2017) ..............................................................................13

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
    303 U.S. 283 (1938) ...................................................................................16

*Waters v. Ferrara Candy Co.*,
    873 F.3d 633 (8th Cir. 2017) .....................................................................17

*Waters v. Home Depot U.S., Inc.*,
    446 F. Supp. 3d 484 (E.D. Mo. 2020).......................................................17

*Zunamon v. Brown*,
    418 F.2d 883 (8th Cir. 1969) .....................................................................16

**Statutes and Other Authorities**

28 U.S.C. § 105 .............................................................................................17

28 U.S.C. § 1332 ..............................................................................1, 2, 3, 9, 10

28 U.S.C. § 1441 ..................................................................................2, 17, 18

28 U.S.C. § 1446(b)(1) ..........................................................................2, 16, 18

Federal Rules of Civil Procedure Rule 6(a) ...................................................2

Missouri Merchandising Practices Act, Mo. Stat. § 407.025 ........1, 10, 14, 15

1.      Defendant La Terra Fina USA, LLC ("La Terra Fina") hereby removes this civil action from the Circuit Court of the City of St. Louis to the United States District Court for the Eastern District of Missouri.  This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  *See generally Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (regardless of whether a general presumption against federal jurisdiction exists in run-of-the-mill diversity cases, "no antiremoval presumption attends cases invoking CAFA.").

## PARTIES

2.      Defendant La Terra Fina is headquartered in Union City, California and organized under the laws of Delaware.

3.      Plaintiff Ramona West, a natural person, is a Missouri citizen residing in Missouri.

## PROCEDURAL HISTORY

4.      On February 28, 2022, Plaintiff filed in the Circuit Court of the City of St. Louis against La Terra Fina a Class Action Petition, seeking damages, attorneys' fees and costs, and other additional relief, styled *Ramona West, individually and on behalf of all other similarly situated current Missouri citizens v. La Terra Fina USA, LLC*.  A true and correct copy of the complete file from state court, assigned cause number 2222-CC00336, is attached hereto as **Exhibit A**.

5.      In the Petition, Plaintiff alleges that she and the class members suffered economic harm when they purchased a product sold by La Terra Fina that purportedly bore a label featuring one or more alleged misrepresentations. Ex. A, ¶¶ 1–8.  Plaintiff brings claims under the Missouri Merchandising Practices Act ("MMPA") and Missouri common law.

## TIMELINESS OF REMOVAL

6.      Plaintiff served her Petition on March 2, 2022.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b)(1) and Rule 6(a) of the Federal Rules of Civil Procedure.

## BASIS FOR REMOVAL

7.      This action is properly removed to this Court under 28 U.S.C. §§ 1332(d) and 1441 as a minimally diverse class action with an amount in controversy exceeding $5,000,000.

### I.      The Parties to This Class Action Are Minimally Diverse.

8.      This action was filed by a single named plaintiff, Ramona West, who alleges to be a citizen of Missouri.  Ex. A ¶ 10.

9.      Plaintiff purports to represent a class of "[a]ll Missouri citizens who purchased" ten Dip & Spread products produced and sold by La Terra Fina (the "Products").  Ex. A ¶ 31.

10.     La Terra Fina, the sole defendant in this action, is a limited liability company ("LLC").  Ex. A ¶ 11.  As an LLC, the citizenship(s) of La Terra Fina are the citizenship(s) of its members.  *See Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019) ("The citizenship of non-incorporated entities like limited liability companies depends on the citizenship of their members.").

11.     La Terra Fina is owned by seven members.  Declaration of Alice J. Kuhne submitted herewith, dated April 1, 2022 ("Kuhne Decl.") ¶ 4.

12.     One member of La Terra Fina is the estate of John A. Kaneb.  *Id.* ¶ 5.  The citizenship of an estate (and also of any legal representative of an estate) is the citizenship of the decedent at the time of death.  *See King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007) ("Where an estate is a party, the citizenship that counts for diversity purposes is that of the

decedent, and [he] is deemed to be a citizen of the state in which [he] was domiciled at the time of [his] death."); *Peace v. Time Ins. Co.*, 2009 WL 792461, at *2 n.6 (W.D. Mo. Mar. 24, 2009) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent" (citing 28 U.S.C. § 1332(c)(2)).  John A. Kaneb was domiciled in and was a citizen of Massachusetts at the time of his death in 2021.  Kuhne Decl. ¶ 5.

13.    The remaining members of La Terra Fina are Delaware limited liability companies: Hawk Capital LLC, Boreal Capital LLC, Consolidated Capital LLC, Kodiak Capital LLC, NAK Capital LLC, and Spruce Capital LLC.  *Id.* ¶ 6.  As noted *supra*, the citizenship(s) of a limited liability company is the citizenship(s) of its member(s).

14.    Hawk Capital LLC has five members, each of which is a trust organized under the laws of Delaware: Hawk Trust I, Hawk Trust II, Hawk Trust III, Hawk Trust IV, and Hawk Trust V.  *Id.* ¶ 7.  The citizenship of a trust is determined by the citizenship of its trustees. *See Alper v. Marsh, USA, Inc.*, 2018 WL 1726627, at *3 (E.D. Mo. Apr. 10, 2018) ("the trustees are the members of the Trust for purposes of diversity citizenship"); *see also Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 729 (2d Cir. 2017) ("a traditional trust's citizenship remains that of its trustee").

a.    Hawk Trust I.  Bryn Mawr Trust Company of Delaware, a trustee of Hawk Trust I, is a Delaware citizen because it is incorporated in Delaware and has its principal place of business in Delaware.  *See* 28 U.S.C. § 1332(c)(1).  Hawk Trust I also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Stephen J. Kaneb, domiciled in, and a citizen of, New Hampshire.  The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed.  Kuhne Decl. ¶ 7(a).

b. <u>Hawk Trust II</u>.  Bryn Mawr Trust Company of Delaware, a trustee of Hawk Trust II, is a Delaware citizen (see above).  Hawk Trust II also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Stephen J. Kaneb, domiciled in, and a citizen of, New Hampshire.  The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed.  *Id.* ¶ 7(b).

c. <u>Hawk Trust III</u>.  Bryn Mawr Trust Company of Delaware, a trustee of Hawk Trust III, is a Delaware citizen (see above).  Hawk Trust III also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Stephen J. Kaneb, domiciled in, and a citizen of, New Hampshire.  The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed.  *Id.* ¶ 7(c).

d. <u>Hawk Trust IV</u>.  Bryn Mawr Trust Company of Delaware, a trustee of Hawk Trust IV, is a Delaware citizen (see above).  Hawk Trust IV also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Stephen J. Kaneb, domiciled in, and a citizen of, New Hampshire.  The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed.  *Id.* ¶ 7(d).

e. <u>Hawk Trust V</u>.  Bryn Mawr Trust Company of Delaware, a trustee of Hawk Trust V, is a Delaware citizen (see above).  Hawk Trust V also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Stephen J. Kaneb, domiciled in, and a citizen of, New Hampshire.  The citizenships of the trustee and

4

tax trustees were as set forth above on both the date of removal and the date this action was filed.  *Id.* ¶ 7(e).

15.    Boreal Capital LLC has one member, a trust organized under the laws of Delaware and called Boreal Trust.  *Id.* ¶ 8.

    a.    <u>Boreal Trust</u>. Bryn Mawr Trust Company of Delaware, a Delaware citizen (see above); Gary R. Kaneb, domiciled in, and a citizen of, Massachusetts; Stephen J. Kaneb, domiciled in, and a citizen of, New Hampshire; Bruce A. Kaneb, domiciled in, and a citizen of, Massachusetts; Jeffrey J. Kaneb, domiciled in, and a citizen of, Massachusetts; and Christopher P. Kaneb, domiciled in, and a citizen of, Massachusetts, are trustees of Boreal Trust.  Boreal Trust also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Gary R. Kaneb, domiciled in, and a citizen of, Massachusetts.  The citizenships of the trustees and tax trustees were as set forth above on both the date of removal and the date this action was filed.  *Id.* ¶ 8(a).

16.    Consolidated Capital LLC has four members, each of which is a trust organized under the laws of Delaware: Consolidated Trust I, Consolidated Trust II, Consolidated Trust III, and Consolidated Trust IV.  *Id.* ¶ 9.

    a.    <u>Consolidated Trust I</u>.  Bryn Mawr Trust Company of Delaware, a trustee of Consolidated Trust I, is a Delaware citizen (see above).  Consolidated Trust I also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Gary R. Kaneb, domiciled in, and a citizen of, Massachusetts.  The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed.  *Id.* ¶ 9(a).

b. <u>Consolidated Trust II</u>.  Bryn Mawr Trust Company of Delaware, a trustee of Consolidated Trust II, is a Delaware citizen (see above).  Consolidated Trust II also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Gary R. Kaneb, domiciled in, and a citizen of, Massachusetts.  The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed.  *Id.* ¶ 9(b).

c. <u>Consolidated Trust III</u>.  Bryn Mawr Trust Company of Delaware, a trustee of Consolidated Trust III, is a Delaware citizen (see above).  Consolidated Trust III also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Gary R. Kaneb, domiciled in, and a citizen of, Massachusetts.  The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed.  *Id.* ¶ 9(c).

d. <u>Consolidated Trust IV</u>.  Bryn Mawr Trust Company of Delaware, a trustee of Consolidated Trust IV, is a Delaware citizen (see above).  Consolidated Trust IV also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Gary R. Kaneb, domiciled in, and a citizen of, Massachusetts.  The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed.  *Id.* ¶ 9(d).

17.    Kodiak Capital LLC has four members, each of which is a trust organized under the laws of Delaware: Kodiak Trust I, Kodiak Trust II, Kodiak Trust III, and Kodiak Trust IV.  *Id.* ¶ 10.

a. <u>Kodiak Trust I</u>.  Bryn Mawr Trust Company of Delaware, a trustee of Kodiak Trust I, is a Delaware citizen (see above).  Kodiak Trust I also has two tax trustees: Alice

J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Bruce A. Kaneb, domiciled in, and a citizen of, Massachusetts. The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 10(a).

b.  <u>Kodiak Trust II</u>. Bryn Mawr Trust Company of Delaware, a trustee of Kodiak Trust II, is a Delaware citizen (see above). Kodiak Trust II also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Bruce A. Kaneb, domiciled in, and a citizen of, Massachusetts. The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 10(b).

c.  <u>Kodiak Trust III</u>. Bryn Mawr Trust Company of Delaware, a trustee of Kodiak Trust III, is a Delaware citizen (see above). Kodiak Trust III also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Bruce A. Kaneb, domiciled in, and a citizen of, Massachusetts. The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 10(c).

d.  <u>Kodiak Trust IV</u>. Bryn Mawr Trust Company of Delaware, a trustee of Kodiak Trust IV, is a Delaware citizen (see above). Kodiak Trust IV also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Bruce A. Kaneb, domiciled in, and a citizen of, Massachusetts. The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 10(d).

18.    NAK Capital LLC has two members, each of which is a trust organized under the laws of Delaware: NAK Trust I and NAK Trust II. *Id.* ¶ 11.

    a.    <u>NAK Trust I</u>.  Bryn Mawr Trust Company of Delaware, a trustee of NAK Trust I, is a Delaware citizen (see above).  NAK Trust I also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Jeffrey J. Kaneb, domiciled in, and a citizen of, Massachusetts.  The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 11(a).

    b.    <u>NAK Trust II</u>.  Bryn Mawr Trust Company of Delaware, a trustee of NAK Trust II, is a  Delaware citizen (see above).  NAK Trust II also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Jeffrey J. Kaneb, domiciled in, and a citizen of, Massachusetts.  The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 11(b).

19.    Spruce Capital LLC has three members, each of which is a trust organized under the laws of Delaware: Spruce Trust I, Spruce Trust II, and Spruce Trust III. *Id.* ¶ 12.

    a.    <u>Spruce Trust I</u>.  Bryn Mawr Trust Company of Delaware, a trustee of Spruce Trust I, is a Delaware citizen (see above).  Spruce Trust I, also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Christopher P. Kaneb, domiciled in, and a citizen of, Massachusetts.  The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed. *Id.* ¶ 12(a).

b. <u>Spruce Trust II</u>.  Bryn Mawr Trust Company of Delaware, a trustee of Spruce Trust II, is a Delaware citizen (see above).  Spruce Trust II also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Christopher P. Kaneb, domiciled in, and a citizen of, Massachusetts.  The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed.  *Id.* ¶ 12(b).

c. <u>Spruce Trust III</u>.  Bryn Mawr Trust Company of Delaware, a trustee of Spruce Trust III, is a Delaware citizen (see above).  Spruce Trust III also has two tax trustees: Alice J. Kuhne, domiciled in, and a citizen of, Massachusetts; and Christopher P. Kaneb, domiciled in, and a citizen of, Massachusetts.  The citizenships of the trustee and tax trustees were as set forth above on both the date of removal and the date this action was filed.  *Id.* ¶ 12(c).

20.    Based on the foregoing, La Terra Fina is a citizen of the States of Massachusetts, New Hampshire and Delaware.  La Terra Fina is not a citizen of the State of Missouri.

21.    Given Plaintiff's definition of the purported class as being limited to citizens of Missouri, *see* Ex. A ¶ 31, the parties are minimally diverse.  *See* 28 U.S.C. § 1332(d)(2)(A) (providing for subject matter jurisdiction where "[a]ny member of a class of plaintiffs is a citizen of a State different from any defendant").

## II.    The Aggregate Amount in Controversy in This Class Action Is Greater Than $5,000,000.

22.    Under CAFA, a minimally diverse class action is removable if the amount in controversy is greater than $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

The claims of the individual class members "shall be aggregated" to determine whether that jurisdictional minimum has been met.  28 U.S.C. § 1332(d)(6).

       23.    While La Terra Fina asserts that it has not violated the MMPA and that Plaintiff and the putative class are not entitled to any relief of any kind, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (quotation marks and citation omitted). "In that sense, the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover."  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis in original) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (the amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them")).  "An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be less than the requisite amount."  *Id.* (citation omitted); *see also Blank v. Broadsword Grp., LLC*, 2015 WL 4628893, at *5 (E.D. Mo. Aug. 3, 2015) ("To fail the jurisdictional amount, it must be a 'legal certainty' that the plaintiff's claim 'is actually for less than the jurisdictional amount.'" (quoting *Schubert v. Auto Owners Ins. Co.*, 619 F.3d 817, 822 (8th Cir. 2011))). "Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial.  This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy."  *Arias*, 936 F.3d at 928 (quotataion marks and citations omitted); *see Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012) ("The removing party need not confess liability in order to show that the controversy exceeds the [$5 million CAFA] threshold."

24.    The putative class' claimed damages meet the $5 million threshold.  In her Petition, Plaintiff claims maximum damages "equal to the refund of the purchase price paid for the" Products she purchased.  Ex. A ¶ 13.  And she alleges that her claim "is typical of all class members with respect to the value of the claim."  *Id.* ¶ 14.  Therefore, Plaintiff and the putative class claim maximum damages equal to the total amount they spent purchasing the Products.

25.    That amount alone exceeds $5 million.  (We address below the additional impact of the inclusion of attorneys' fees and punitive damages.)   Specifically, estimated conservatively, the putative class' claimed damages total at least $5,262,394.  *See* Declaration of Aron Nussbaum submitted herewith, dated April 1, 2022 ("Nussbaum Decl.") ¶ 7; *infra* ¶ 31.

26.    As detailed in the Nussbaum Declaration, Information Resources, Inc. (IRI) is a well-known data analytics and market research company, headquartered in the U.S., which provides clients with consumer, shopper, and retail market intelligence and analysis focused on the consumer packaged goods (CPG), retail, and healthcare industries.  *Id.* ¶ 4.  Among other things, IRI gathers checkout scanner data regarding the quantities and prices paid for the purchase of all products in participating grocery stores.  *Id*.  That information is compiled and available for purchase by subscription.  La Terra Fina has access to this data with respect to, *e.g.*, the sales of the Products in the State of Missouri.  *Id*.

27.    In the five years preceding Plaintiff's filing of this action, *see* Ex. A ¶ 31 (defining the class period as "the five years preceding the filing of this Petition"), IRI data shows that customers purchased at least $4,318,871 of the Products at Missouri locations of Costco, La Terra Fina's largest customer in Missouri.  Nussbaum Decl. ¶ 5.  IRI data shows that customers purchased at least $1,220,492 of the Products at other grocery stores located in Missouri.  *Id.* ¶ 6.

Accordingly, during the relevant time period, customers spent at least $5,539,363 on the Products in Missouri stores. *Id.* ¶ 7.

28.     While it is hypothetically possible that some of these customers are out of state residents, it is reasonable to assume that there are an offsetting number of Missouri residents who shop and buy the Products at out of state grocery stores, and they are included in the plaintiff class as defined. Indeed, there is every reason to conclude that the number of out of state customers buying the Products in Missouri stores is *de minimis*.

29.     Almost 80 percent of La Terra Fina's Missouri sales during the class period were made at Costco stores. Nussbaum Decl. ¶ 8. Costco currently has seven stores in Missouri. *Id.* ¶ 9. One Costco store is located in Springfield, Missouri, far from any other state. *Id.* ¶ 10. Three Costco stores are located in Missouri in the Kansas City Metropolitan Statistical Area (which encompasses parts of both Missouri and Kansas), but there are two additional Costco stores located in Johnson County, Kansas, the most populous Kansas county in the Kansas City Metropolitan Statistical Area. *Id.* ¶ 11. There is thus little reason to think a material number of Kansas residents shop in Missouri Costco stores.

30.     The three remaining Missouri Costco stores are located in the St. Louis Metropolitan Statistical Area, which encompasses parts of Missouri and Illinois. *Id.* ¶ 12. Approximately 75 percent of the population of the St. Louis Metropolitan Statistical Area lives in Missouri rather than Illinois. *Id.* Furthermore, of the three stores, one is located 24.3 miles from the Illinois border; one is 12.6 miles from the Illinois border, but would take 41 minutes to reach due to the need to take a ferry; and the third is 10.2 miles from the Illinois border, with the nearest Illinois city, Columbia, having a population of less than 11,000. *Id.* ¶ 13. Accordingly, it is

reasonable to conclude that at least 95 percent of all purchases in Missouri stores are made by Missouri residents. *See id.*

31.     Accordingly, Missouri citizens purchased at least $5,262,394 of the Products during the class period. *See Curts v. Waggin' Train, LLC*, 2013 WL 2319358, at *3 (W.D. Mo. May 28, 2013) (For jurisdictional purposes, "[r]esidence in Missouri is prima facie proof of citizenship in Missouri."); *see also Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 446–47 (S.D.N.Y. 2014) (residence is "prima facie" evidence of domicile); *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1065 (D. Minn. 2013) (identifying "rebuttable presumption[] that the place where a person actually lives is his domicile" (quotation marks and citation omitted)); *accord. Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (To determine citizenship, a removing defendant "does not need to make a definitive determination of domicile.").

32.     The putative class' claimed damages amount is therefore at least $5,262,394. This alone exceeds the $5 million threshold for CAFA jurisdiction.

33.     In addition, Plaintiff seeks not only actual damages, but also an award of "reasonable and necessary attorneys' fees." Ex. A at 12. These claimed fees are included in determining the amount in controversy where, as here, the relevant substantive statute provides for such fees. *See Faltermeier v. FCA US LLC*, 899 F.3d 617, 622 (8th Cir. 2018) ("[t]he district court properly included in the jurisdictional amount the attorneys' fees that may be awarded," and, based on the district court's calculation that "the sum of damages and attorneys' fees would exceed $5,000,000," jurisdiction was proper under CAFA); *Reinbold v. AGCO Corp.*, 2021 WL 5279581, at * 2 (E.D. Mo. Nov. 12, 2021) ("There is little doubt that attorneys' fees themselves are part of the amount-in-controversy calculation." (citing *Peterson v. The Travelers Indemnity Co.*, 867 F.3d 992, 995 (8th Cir. 2017))); *Boskovic v. Bristol W. Ins. Co.*, 2014 WL 3579650, at *4 n.2 (E.D. Mo.

July 21, 2014) ("The reasonable attorney's fee provided by statute is included in the amount in controversy as such fees are awarded by statute." (citing *Rasmussen v. State Farm Mut. Auto Ins. Co.*, 410 F.3d 1029, 1030 (8th Cir. 2005))); Mo. Stat. § 407.025.2 (authorizing award of attorneys' fees "to the prevailing party" in MMPA action); *see also Arias,* 936 F.3d at 922 ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees *must be included* in the assessment of the amount in controversy." (emphasis added)).

   34. The amount of attorneys' fees to be included in assessing whether the jurisdictional threshold has been satisfied is appropriately determined by reference to MMPA cases where fee awards were granted. *E.g.*, *Schott v. Overstock.com, Inc.*, 2021 WL 148875, at *4 (E.D. Mo. Jan. 15, 2021) (possibility of 33 percent fee award sufficientiently established by citation to other CAFA cases permitting similar awards). Several courts assessing CAFA's amount in controversy have assumed awards of attorneys' fees in MMPA cases of 30 percent or higher. *See Embry v. Ventura Foods, LLC*, 2020 WL 3077058, at *3 (E.D. Mo. June 10, 2020) (assuming 33 percent attorneys' fee award to determine the amount in controversy in CAFA-removed MMPA suit alleging, as here, deceptively marketed dressings and dips); *Harrington Enters., Inc. v. Safety-Kleen Sys., Inc.*, 42 F. Supp. 3d 1197, 1201 (W.D. Mo. 2013) (denying motion to remand after applying a "standard 33% attorney's fee to the Class's compensatory damages" in MMPA action removed under CAFA); *see also Faltermeier v. FCA US LLC*, 2016 WL 10879705, at *4 (W.D. Mo. May 26, 2016) (denying motion to remand MMPA suit upon finding that fees awarded to Plaintiff could be "at least $1.4 million," representing more than 30 percent of claimed compensatory damages), *aff'd*, 899 F.3d 617, 622 (8th Cir. 2018); *Baker v. NNW, LLC*, 2015 WL 12843831, at *2 (W.D. Mo. June 1, 2015) (including "a standard 33% attorney's fees recovery" when estimating amount in controversy for CAFA-removed MMPA suit).

35.    Thus, if (contrary to La Terra Fina's expectation) Plaintiff were to prevail in this case, attorneys' fees could be predicted to be substantial, and based upon the foregoing, attorneys' fees equal to at least 30 percent of the class-wide damages claim should be assumed. Thus, attorney's fees of $1,578,718 should be added to the class damages claim of $5,262,394, establishing a total amount in controversy of at least $6,841,112, an amount well in excess of the $5 million CAFA jurisdictional threshold.

36.    While damages plus attorneys' fees suffice alone to satisfy the CAFA $5 million jurisdictional threshold, this Court should also consider punitive damages for purposes of assessing the amount in controversy under CAFA because those damages are legally possible. *See* Mo. Rev. Stat. § 407.025.2 (2020) ("The court may, in its discretion, [a]ward punitive damages"). The Eastern District of Missouri has held that the legal possibility of punitive damages under the MMPA is included in the aggregation of the alleged amount in controversy. *See Embry*, 2020 WL 3077058, at *2. In *Embry*, the plaintiff stated in her complaint that she did not seek punitive damages under her MMPA claim. *See id.* at *1. But the court found it is "not improper to consider the possibility of punitive damages . . . in light of the fact that they are available under the [MMPA]." *Id.* at *2. La Terra Fina does not believe that punitive damages could ever be recoverable, and Plaintiff here has abjured them, *see* Ex. A ¶ 19, but for purposes of assessing CAFA jurisdiction, the legal possibility of punitive damages under the MMPA is included in the aggregation of the alleged amount in controversy. *Raskas*, 719 F.3d at 887 (noting that "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability").

37.    Plaintiff in her Petition attempts to evade the removal provision of CAFA with a conclusory allegation that "the total damages of Plaintiff and Class Members, inclusive of

costs and attorneys' fees is far less than the five million dollars ($5,000,000) minimum threshold to create federal court jurisdiction." Ex. A ¶ 14.  However, as shown above, Plaintiff claims in fact far more than $5 million in damages.  "A plaintiff does not automatically defeat a court's jurisdiction under CAFA by alleging the amount in controversy is below the jurisdictional requirement."  *Aliano v. Louisville Distilling Co.*, 115 F. Supp. 3d 921, 926 (N.D. Ill. 2015) (citing *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 772 (7th Cir. 2014)).  Nor could Plaintiff stipulate to under $5 million in damages, because a class has been asserted but not yet certified.  *See Arias*, 936 F.3d at 928–29 (finding CAFA jurisdiction despite plaintiff's statement that less than $5 million is at issue; "although individual plaintiffs 'are the masters of their complaints' and may 'stipulat[e] to amounts at issue that fall below the federal jurisdictional requirement,' the same is not true for a putative class representative, who 'cannot yet bind the absent class'" (citation omitted)); *Jarrett v. Panasonic Corp. of N. Am.*, 934 F. Supp. 2d 1020, 1024 (E.D. Ark. 2013) (named plaintiff's stipulation to seek less than $5 million "does not on its own deprive the Court of CAFA jurisdiction as it does not speak for those Plaintiff purports to represent").

38.    Accordingly, "the sum [plaintiff] demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  *Doan v. Tinoco*, 2012 WL 12905802, at *2 (W.D. Mo. Aug. 29, 2012) (citing 28 U.S.C. § 1446(c)(2)); *see also Zunamon v. Brown*, 418 F.2d 883, 885 (8th Cir. 1969) ("We begin with the principle that the amount claimed by plaintiff ordinarily controls in determining whether jurisdiction lies in the federal court[.]" (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938))).

39.    The above showing satisfies easily Section 1446(a)'s requirement that La Terra Fina's "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Owens*, 574 U.S. at 89.  In "estimat[ing] the

total amount in dispute," La Terra Fina "is permitted to rely on 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' to establish the amount in controversy." *Waters v. Home Depot U.S., Inc.*, 446 F. Supp. 3d 484, 493 (E.D. Mo. 2020) (quoting *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017))). Such inferences need not be underpinned by irrefutable proof but only "need some reasonable ground underlying them." *Arias*, 936 F.3d at 925 (quotation marks and citation omitted). And in this context, an "assumption may be reasonable if it is founded on the allegations of the complaint." *Id.*

40.     La Terra Fina has easily met that burden here. Through a sworn Declaration from its Vice President of Finance, La Terra Fina has aggregated all sales of the Products in Missouri, and then made reasonable assumptions regarding the citizenship of the purchasing consumers. That data and those assumptions provide a reasonably accurate figure of $5,262,394 in claimed economic damages, plus $1,578,718 in reasonably available attorneys' fees, for a total amount in controversy of $6,841,112, on top of which would need to be added any potential punitive damages.

41.     Because La Terra Fina has made a plausible showing that the amount in controversy exceeds $5 million, this Court has removal jurisdiction under CAFA. *See Owens*, 574 U.S. at 89 (regardless of whether a general "presumption against removal" exists in run-of-the-mill diversity cases, "no antiremoval presumption attends cases invoking CAFA.").

## REMOVAL PROCEDURES

42.     This Court is the proper one for removal here, because it is the United States District Court that embraces the City of St. Louis, where the action is pending. *See* 28 U.S.C. §§ 105(a), 1441(a).

43. The recitation of the allegations and requests for relief above do not concede that Plaintiff's allegations or legal theories have merit. La Terra Fina reserves the right to assert all applicable defenses in this matter.

44. As required by 28 U.S.C. § 1446(d), La Terra Fina will promptly serve Plaintiff with a copy of this Notice of Removal and will file a copy of the same with the Circuit Court of the City of St. Louis.

WHEREFORE, the case now pending in the Circuit Court of the City of St. Louis, cause number 2222-CC00336, is hereby removed to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1441.

Dated: April 1, 2022

Respectfully submitted,

CARMODY MACDONALD P.C.

By: /s/ *Meghan M. Lamping*
Meghan M. Lamping, #59987MO
Carmody MacDonald P.C.
120 S. Central Ave., Suite 1800
St. Louis, Missouri 63105
Telephone: (314) 854-8676
Facsimile: (314) 854-8660
mml@carmodymacdonald.com

COVINGTON & BURLING LLP

Steven J. Rosenbaum*
Andrew Leff*
One CityCenter
850 Tenth Street NW
Washington, DC 20005
Telephone: (202) 662-6000
Facsimile: (202) 778-5953
srosenbaum@cov.com
aleff@cov.com

*Pro hac vice applications forthcoming*

*Attorneys for Defendant La Terra Fina USA, LLC*

## CERTIFICATE OF SERVICE

I, Meghan M. Lamping, hereby certify that on April 1, 2022, a true and accurate copy of the foregoing was electronically filed with the Clerk of Court by using the Court's CM/ECF system, to be served via operation of the Court's electronic filing system upon all counsel of record. Moreover, I hereby certify that a true and accurate copy of the foregoing was also sent by mail and electronic mail on April 1, 2022 to the following:

Matthew H. Armstrong
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel: 314-258-0212
Email: matt@mattarmstronglaw.com

Stuart L. Cochran
COCHRAN LAW PLLC
8140 Walnut Hill Ln., Ste. 250
Dallas, TX 75231
Tel: 972-387-4040
Email: stuart@scochranlaw.com

/s/ *Meghan M. Lamping*