## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| RAMONA WEST, individually and on behalf of all other similarly-situated current Missouri citizens, ) ) ) ) Plaintiff, ) ) v. ) ) LA TERRA FINA USA, LLC, ) ) Defendant. ) ) | No. _____ Div. 1 **JURY TRIAL DEMAND** |

Serve:  La Terra Fina USA, LLC
           c/o Corporation Service Co. RAGT
           2710 Gateway Oaks Drive, Suite 150N
           Sacramento CA 95833

### PETITION AND JURY DEMAND

Plaintiff, Ramona West, individually and on behalf of all similarly situated Missouri citizens, alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

### CASE SUMMARY

1. This case arises out of Defendant La Terra Fina USA, LLC's ("Defendant") deceptive, unfair, and false merchandising practices regarding its "la terra fina" brand (1) Artichoke & Jalapeño Dip & Spread; (2) Cheesy Artichoke Dip & Spread; (3) Chili Con Queso Dip; (4) Everything But The Bagel Dip & Spread; (5) Greek Yogurt Spinach & Parmesan Dip & Spread; (6) Greek Yogurt Spinach Artichoke & Parmesan Dip & Spread; (7) Green Chile & Cheese Dip & Spread; (8) Mexicali Dip & Spread; (9) Spinach Artichoke & Parmesan Dip & Spread; and (10) Sriracha Three Cheese Dip & Spread (the "Dips").

2. On the label of the Dips, Defendant prominently represents that the Dips have "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" which leads Missouri citizens to believe that the Bowls have no synthetic, artificial preservatives or flavor agents.

3. The Dips, however, contain citric acid (the "Synthetic Preservative").

4. While citric acid may be found naturally in citrus fruits, food-grade citric acid is a commercially-manufactured, synthetically-produced, highly-processed food additive used in processed foods primarily as a pH adjuster to induce tart flavor and control the growth of microorganisms, i.e. a flavor agent and/or a preservative. FDA regulations identify citric acid as a synthetic substance. *See* 21 C.F.R. 173.280.

5. The Dips contain the Synthetic Preservative in direct contravention to their express representation that they have "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES."

6. Plaintiff and reasonable consumers reasonably believe, define, and assume that a Dips labeled "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" do not contain any artificial, synthetic preservatives.

7. Because the Dips contain the Synthetic Preservative, the representation that the Dips have "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" is unfair, false, deceptive, and misleading.

8. In addition, by claiming the Dips have "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES," the label of the Dips creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 C.S.R. 60-9.020) into believing that the Dips contain no artificial, synthetic preservatives, when in fact the Dips contain the Synthetic Preservative. Moreover, the overall format and appearance of the label of the Dips have the tendency and

capacity to mislead consumers (*see* 15 C.S.R. 60-9.030) because it creates the false impression that the Dips have no synthetic, artificial preservatives, when they does.

9. Plaintiff brings this case to recover damages for Defendant's false, deceptive, and misleading marketing and advertising in violation of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law.

## PARTIES

10. Plaintiff, Ramona West, is a Missouri citizen residing in St. Louis, Missouri. On at least one occasion during the Class Period (as defined below), including in January 2022, Plaintiff purchased Defendant's Everything But The Bagel Dip & Spread after reading the "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" claim on the label, at Schnuck's in St. Louis, Missouri, for personal, family, or household purposes. The purchase price of the Dips was $3.99 per package. Plaintiff's claim is typical of all class members in this regard. Moreover, the label of each of the Dips is substantially similar such that Plaintiff has standing to bring claims on behalf of Dips she has not actually purchased.

11. Defendant, La Terra Fina USA, LLC, is a Delaware limited liability company with its principal place of business in Union City, California.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

13. Plaintiff believes and alleges that the total value of Plaintiff's individual claim is, at most, equal to the refund of the purchase price paid for the Dips.

14. Because the value of Plaintiff's claims is typical of all class members with respect to the value of the claim, the total damages of Plaintiff and Class Members, inclusive of costs and

attorneys' fees is far less than the five million dollars ($5,000,000) minimum threshold to create federal court jurisdiction.

15. There is therefore no diversity or CAFA jurisdiction for this case.

16. Defendant cannot plausibly allege that it has sufficient sales of the Dips in Missouri during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

17. This Court has personal jurisdiction over Defendant as Defendant has more than minimum contacts with the State of Missouri and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant committed affirmative tortious acts within the State of Missouri that gives rise to civil liability, including distributing the fraudulent Dips for sale throughout the State of Missouri.

18. Venue is proper in this forum pursuant to Missouri Code § 508.010 because Plaintiff is a resident of St. Louis and her injuries occurred in St. Louis.

19. Plaintiff and Class Members do not seek to recover punitive damages or statutory penalties in this case.

## ALLEGATIONS OF FACT

20. Defendant manufactures, distributes, and sells the Dips.

21. The label of the Dips state that the Dips have "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES."

22. Knowing that consumers like Plaintiff are increasingly interested in purchasing products that do not contain potentially harmful, synthetic preservatives or artificial flavors, Defendant sought to take advantage of this growing market by labeling the Dips as having "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES."

4

23. By affixing such a label to the packaging of the Dips, Defendant can entice consumers like Plaintiff to pay a premium for the Dips or pay more for them than they otherwise would have had the truth be known.

24. The label of the Dips is deceptive, false, and misleading in that Defendant prominently represents that the Dips have "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES," when they do.

25. The Dips cannot claim they have "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" because the Dips contain the Synthetic Preservative.

26. Plaintiff and reasonable consumers reasonably believe and assume that a Dips labeled "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" do not contain any artificial, synthetic preservatives, yet alone the Synthetic Preservative.

27. Neither Plaintiff nor any reasonable consumer would expect to find the Synthetic Preservative in a Dips labeled "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES."

28. Because of Defendant's deceitful label, Defendant could charge, and Plaintiff and Class Members paid, a premium for the Dips.

29. The Dips, moreover, were worth less than they were represented to be, and Plaintiff and Class Members paid extra for them due to the "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" label.

30. Defendant's misrepresentations violate the MMPA's prohibition of the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact about the sale or advertisement of any merchandise in trade or commerce. RSMo. § 407.020.

## CLASS ALLEGATIONS

31. Pursuant to Missouri Rule of Civil Procedure 52.08 and § 407.025.2 of the MMPA, Plaintiff brings this action on her own behalf and on behalf of a proposed class of ("Class Members" of the "Class"):

> All current Missouri citizens who purchased "la terra fina" brand (1) Artichoke & Jalapeño Dip & Spread; (2) Cheesy Artichoke Dip & Spread; (3) Chili Con Queso Dip; (4) Everything But The Bagel Dip & Spread; (5) Greek Yogurt Spinach & Parmesan Dip & Spread; (6) Greek Yogurt Spinach Artichoke & Parmesan Dip & Spread; (7) Green Chile & Cheese Dip & Spread; (8) Mexicali Dip & Spread; (9) Spinach Artichoke & Parmesan Dip & Spread; and/or (10) Sriracha Three Cheese Dip & Spread for personal, family or household purposes in the five years preceding the filing of this Petition (the "Class Period").

32. Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

33. Upon information and belief, the Class consists of hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

34. There are numerous and substantial questions of law or fact common to all the members of the Class and which predominate over any individual issues. Included within the common question of law or fact are:

    a. Whether the "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" claim on the Dips' label is false, misleading, and deceptive;

    b. Whether Defendant violated the MMPA by selling the Dips with false, misleading, and deceptive representations;

    c. Whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

    d. Whether the label of the Dips creates false impressions and has the tendency and capacity to mislead consumers;

    e. Whether Defendant breached an express warranty;

    f. Whether Defendant was unjustly enriched; and

    g. The proper measure of damages sustained by Plaintiff and Class Members.

35. The claims of the Plaintiff are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiff sand Defendant's conduct affecting Class Members, and Plaintiff has no interests adverse to the interests other Class Members.

36. Plaintiff will fairly and adequately protect the interests of Class Members and has retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

37. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

    a. The claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

    b. Absent a Class, the Class Members will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendant profits from and enjoy its ill-gotten gains;

    c. Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    d. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

    e. This action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused to them by Defendant.

38. Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

39. Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the

interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. Therefore, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

### COUNT I

### Violation of Missouri's Merchandising Practices Act

40. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-39 as if fully set forth herein.

41. Missouri's Merchandising Practices Act (the "MMPA") prohibits the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact about the sale or advertisement of any merchandise in trade or commerce , RSMo. § 407.020.

42. Defendant's conduct constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts about the sale or advertisement of any merchandise in trade or commerce because Defendant misrepresents that the Dips have "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES," when in fact the Dips contain the Synthetic Preservative.

43. In addition, by claiming the Dips have "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES," the label of the Dips creates the false impression and has the tendency and capacity to mislead consumers (*see* 15 C.S.R. 60-9.020) into believing that the Dips have no artificial, synthetic preservatives, when in fact the Dips contain the Synthetic Preservative. Moreover, the overall format and appearance of the label of the Dips have the tendency and

9

capacity to mislead consumers (*see* 15 C.S.R. 60-9.030) because it creates the false impression that the Dips have "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES," when they do.

44. The Dips were therefore worth less than the Dips as represented, and Plaintiff and Class Members paid extra or a premium for them.

45. Neither Plaintiff nor any reasonable consumer would expect the Synthetic Preservative to be in Dips labeled as having "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES."

46. Plaintiff and Class Members purchased the Dips for personal, family, or household purposes and thereby suffered an ascertainable loss because of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Dips and the value of the Dips if they had been as represented.

47. Defendant's unlawful practices have caused similar injury to Plaintiff and numerous other persons. RSMo. § 407.025.2.

## COUNT II

### In the Alternative, Breach of Express Warranty

48. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-39 as if fully set forth herein.

49. Defendant made the affirmation of fact and the promise to Plaintiff and the Class Members that the Dips have "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" guaranteeing to Plaintiff and the Class Members that the Dips were in conformance with the representation.

50. This affirmation of fact and promise became part of the basis of the bargain in

which Plaintiff and Class Members purchased Defendant's Dips, and Plaintiff and Class Members relied on the affirmations when making their purchasing decisions.

51.    Defendant breached its express warranty that the Dips have "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" by providing Plaintiff and Class Members with a product that contained the Synthetic Preservative.

52.    As a result of Defendant's breach of warranty, Plaintiff and the Class Members have been deprived of the benefit of their bargain in that they bought Dips that were not what they were represented to be, and they have spent money on Dips that had less value than was reflected in the premium purchase price they paid for the Dips.

53.    Because Defendant made the affirmation of fact and promise directly on its own label and packaging, privity is not required to bring this claim.

54.    Because Defendant has actual knowledge that its Dips contained the Synthetic Preservative in contravention of its "NO ARTIFICIAL FLAVORS, COLORS OR PRESERVATIVES" representation, pre-suit notice of this claim is not required.

55.    Plaintiff and Class Members suffered economic damages as a proximate result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the Dips and the value of the Dips if they had been as represented.

## COUNT III

### In the Alternative, Unjust Enrichment

56.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs 1-39 as if fully set forth herein.

57.    By purchasing the Dips, Plaintiff and the Class Members conferred a benefit on Defendant in the form of the purchase price of the Dips.

58. Defendant appreciated the benefit because, were consumers not to purchase the Dips, Defendant would have no sales and make no money.

59. Defendant's acceptance and retention of the benefit is inequitable and unjust and violates the fundamental principles of justice, equity, and good conscience because the benefit was obtained by Defendant's fraudulent and misleading representations about the Dips.

60. Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff and Class Members' expense and in violation of Missouri law, and therefore restitution and/or disgorgement of such economic enrichment is required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

a. Grant certification of this case as a class action;

b. Appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

c. Award compensatory damages to Plaintiff and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

d. Award pre- and post-judgment interest;

e. Award reasonable and necessary attorneys' fees and costs; and

g. For all such other and further relief as may be just and proper.

Dated: February 28, 2022         Respectfully submitted,

By:   */s/ Matthew H. Armstrong*
      Matthew H. Armstrong (MoBar 42803)
      ARMSTRONG LAW FIRM LLC
      8816 Manchester Rd., No. 109
      St. Louis MO 63144
      Tel:   314-258-0212
      Email: matt@mattarmstronglaw.com

Stuart L. Cochran (MoBar 68659)
COCHRAN LAW PLLC
8140 Walnut Hill Ln., Ste. 250
Dallas TX 75231
Tel:    972-387-4040
Email: stuart@scochranlaw.com

Attorneys for Plaintiff and the Putative Class